UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

DIRECTV, LLC.,

                  Plaintiff,

    -against-

JUAN F. BORBON and NURINALDA VIERA,
Individually, and as officers,
directors, shareholders, and/or
principals of MILLENNIUM CHICKEN III,
CORP., d/b/a MILLENNIUM CHICKEN,

and

MILLENNIUM CHICKEN III, CORP., d/b/a
MILLENNIUM CHICKEN,

                  Defendants.

--------------------------------------X

**ORDER**

14-CV-3468 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

        Plaintiff DirecTV, LLC. ("plaintiff") commenced this action against defendants Juan F. Borbon and Nurinalda Viera, individually and as officers, directors, shareholders, and/or principals of Millennium Chicken III, Corp. d/b/a Millennium Chicken ("Millennium Chicken" or "the establishment"), and against defendant Millennium Chicken (collectively, "defendants"), for alleged violations of 47 U.S.C. § 605 ("Section 605"), 18 U.S.C. § 2511, and for civil conversion. (Am. Compl. ¶¶ 24-39, ECF No. 5.) On July 29, 2015, the court by Memorandum and Order granted plaintiff's motion for entry of default judgment and awarded plaintiff attorney's fees and

1

costs.  (ECF No. 16.)  Judgment was entered in favor of

plaintiff on July 29, 2015 in the total amount of $3,051.28,

which is comprised of statutory damages of $1,000, attorney's

fees of $1,166.38, and costs of $885.00.  (ECF No. 17.)  On

August 12, 2015, plaintiff moved to alter or amend the judgment

pursuant to Federal Rule of Civil Procedure 59(e) and for

reconsideration and reargument pursuant to Local Civil Rule

6.3.  (ECF No. 18.)

        "The standards governing motions to alter or amend

judgment pursuant to [Federal Rule of Civil Procedure] 59(e)

and motions for reconsideration or reargument pursuant to Local

[Civil] Rule 6.3 are the same."  *Henderson v. Metro. Bank &

Trust Co.,* 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007) (citing

*4200 Ave. KLLC v. Fishman,* No. 00 Civ. 8814, 2001 WL 498402, at

*1 (S.D.N.Y. May 10, 2001)).  The standard for granting such a

motion is "strict, and reconsideration will generally be denied

unless the moving party can point to controlling decisions or

data that the court overlooked."  *Analytical Surveys, Inc. v.

Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (citation

and internal quotation marks omitted).  "Where the movant fails

to show that any controlling authority or facts have actually

been overlooked, and merely offers substantially the same

arguments he offered on the original motion or attempts to

advance new facts, the motion for reconsideration must be

denied." *Mikol v. Barnhart,* 554 F. Supp. 2d 498, 500 (S.D.N.Y.

2008) (citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257

(2d Cir. 1995)).

    As an initial matter, the cases to which plaintiff

cites are not controlling.  Plaintiff exclusively points to

decisions by other district courts, which constitute

persuasive, not controlling authority.  (Pl.'s Mem. of Law in

Support of Mot. for Reconsideration and Reargument ("Pl.'s

Mem.") at 1-8, ECF No. 18-1.)  In its Memorandum and Order, the

court presented the different ways that courts have calculated

statutory damages and pointed to the plaintiff's failure to

provide reliable information for the calculation of statutory

damages.  (Mem. and Order at 9-12, ECF No. 16.)  The court

concluded that for a single violation of section 605(a),

involving the presence of one individual who may have been an

employee of the establishment at the time of the auditor's

visit, a $1,000 damage award was sufficient.  (*Id*. at 5, 9-12)

The court also expressly considered the need for deterrence and

found that the statutory minimum award sufficiently addressed

the defendants' violation and provides sufficient deterrence.

(*Id*. at 12-14.)

    Plaintiff also raises, for the first time in its

motion for reconsideration, that it has two open claims pending

against two other commercial establishments known as Millennium

Chicken owned by defendants, and provides an estimate of the difference between what defendants paid for their residential account and what defendants would have paid in commercial fees. (Pl.'s Mem. at 9-10.)  The court may not consider these new facts on a motion for reconsideration or reargument. Reconsideration and reargument is confined to matters that are overlooked "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Polsby v. St. Martin's Press, Inc.*, No. 97-690, 2000 WL 98057, at *1 (S.D.N.Y. Jan 18, 2000)(citation and quotation marks omitted).  Here, plaintiff is attempting belatedly to plug the gaps of its prior motion.

Consequently, plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) and for reconsideration and reargument pursuant to Local Civil Rule 6.3 is denied.


**SO ORDERED.**


Dated:     November 16, 2015
           Brooklyn, New York


_____/s/_____
Kiyo A. Matsumoto
United States District Judge